14-3294-cv
*RJR Mech., Inc., v. Liberty Mut. Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
                    *Circuit Judges,*
            PAUL G. GARDEPHE,
                    *District Judge.*[*]

---

RJR MECHANICAL, INC.,

        *Plaintiff-Appellant,*               14-3294-cv

        v.

LIBERTY MUTUAL INSURANCE COMPANY,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**        UMAR A. SHEIKH (Misha M. Wright, *on the brief*), Marino Partners LLP, White Plains, NY.

---

[*] The Honorable Paul G. Gardephe, United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE:**                    MARK A. CANIZIO, Duane Morris LLP,
                                               New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ramon E. Reyes, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff RJR Mechanical, Inc., ("RJR") appeals from the District Court's August 7, 2014 judgment that plaintiff "takes nothing of" defendant Liberty Mutual Insurance Company ("Liberty Mutual"), which judgment followed a bench trial at which "the parties offered hundreds of pages of documents into evidence and elicited the testimony" of several RJR and Liberty Mutual employees. SPA-1, 41. On appeal, RJR raises a number of arguments, including that the District Court erred in crediting certain witness testimony in support of its findings of fact, and in allocating the burden of proof to RJR. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The district court's findings of fact after a bench trial are not to be overturned unless they are clearly erroneous. This standard applies whether those findings are based on witness testimony, or on documentary evidence, or on inferences from other facts." *Ceraso v. Motiva Enterprises, LLC*, 326 F.3d 303, 316 (2d Cir. 2003) (citations omitted). Additionally, "[i]n reviewing findings for clear error, we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences. Even if [we] might have weighed the evidence differently, [we] may not overturn findings that are not clearly erroneous." *Id.* (citation omitted). We review the District Court's "conclusions of law *de novo*." *In re Sept. 11 Litig.*, —F.3d—, 2015 WL 5449788, at *8 (2d Cir. Sept. 17, 2015).

Upon review of the record and relevant law, we find no error, much less clear error, in the District Court's credibility determinations specifically or its findings of fact generally. Similarly, the District Court did not err in allocating the burden of proof to RJR. *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) ("In order to recover from a defendant for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach.") (applying New York law).

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's August 7, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk